1

2

3

4

5

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11 ANGEL MONTELLANO,               )   NO. ED CV 05-25-E
                                    )

12                Plaintiff,     )
                                      )

13      v.                        )   **MEMORANDUM OPINION**
                                    )

14 JO ANNE B. BARNHART, COMMISSIONER  )   **AND ORDER OF REMAND**
OF SOCIAL SECURITY ADMINISTRATION, )

15                                     )
                                    )

16               Defendant.     )
_____)

17

18       Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19 HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20 judgment are denied and this matter is remanded for further

21 administrative action consistent with this Opinion.

22

23                       **PROCEEDINGS**

24

25       Plaintiff filed a complaint on January 7, 2005, seeking review

26 of the Commissioner's denial of benefits.  The parties filed a

27 consent to proceed before a United States Magistrate Judge on

28 February 18, 2005.

1    Plaintiff filed a motion for summary judgment on June 16,

2  2005.  Defendant filed a motion for summary judgment on July 25,

3  2005.  The Court has taken both motions under submission without

4  oral argument.  <u>See</u> L.R. 7-15; "Order," filed January 13, 2005.

5

6                              **BACKGROUND**

7

8    Plaintiff, a former customer service representative, asserts

9  disability since November 30, 1999 (Administrative Record ("A.R.")

10 20).  Dr. David H. Doty, a treating orthopedist, rendered various

11 opinions, including the following: "I recommend the patient be

12 precluded from performing heavy work as well as prolonged

13 weightbearing activities" (A.R. 220-21); "Mr. Montellano should not

14 return to his preinjury occupation as a Service Representative" (A.R.

15 221); and "this patient is felt to have a restriction which limits

16 him to weight bearing half time.  This contemplates that the patient

17 has the ability to work approximately 50% of the time in a standing

18 and walking position and approximately 50% of the time in a sitting

19 position" (A.R. 241).

20

21    The Administrative Law Judge ("ALJ") found Plaintiff can "sit

22 for about six hours in an eight-hour workday; stand and/or walk for

23 about six hours in an eight-hour workday" and otherwise retains the

24 residual functional capacity to perform Plaintiff's past relevant

25 work as a customer service representative (A.R. 23-24).  The ALJ

26 expressly rejected Dr. Doty's opinion that Plaintiff should not

27 return to Plaintiff's past relevant work (A.R. 21).  The ALJ stated

28 that such opinion "is inconsistent with [Dr. Doty's] own assessment,

1  which only precludes [Plaintiff] from performing heavy work and

2  prolonged weightbearing activities" (A.R. 21).  The ALJ did not

3  specifically mention Dr. Doty's opinion that Plaintiff has a

4  restriction "to weight bearing half time" (A.R. 20-24).  The Appeals

5  Council denied review (A.R. 4-5).

6

7                        **STANDARD OF REVIEW**

8

9        Under 42 U.S.C. section 405(g), this Court reviews the

10  Commissioner's decision to determine if: (1) the Commissioner's

11  findings are supported by substantial evidence; and (2) the

12  Commissioner used proper legal standards.  See Swanson v. Secretary,

13  763 F.2d 1061, 1064 (9th Cir. 1985).

14

15                            **DISCUSSION**

16

17        A treating physician's conclusions "must be given substantial

18  weight."  Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see

19  Rodriquez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must

20  give sufficient weight to the subjective aspects of a doctor's

21  opinion . . .  This is especially true when the opinion is that of a

22  treating physician") (citation omitted).  Even where the treating

23  physician's opinions are contradicted,[1] "if the ALJ wishes to

24  disregard the opinion[s] of the treating physician he . . . must make

25  findings setting forth specific, legitimate reasons for doing so that

26  _____

27  [1]     Rejection of an uncontradicted opinion of a treating
    physician requires a statement of "clear and convincing"
    reasons.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996);

28  Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  are based on substantial evidence in the record." <u>Winans v. Bowen</u>,

2  853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets

3  omitted); <u>see</u> <u>Rodriquez v. Bowen</u>, 876 F.2d at 762 ("The ALJ may

4  disregard the treating physician's opinion, but only by setting forth

5  specific, legitimate reasons for doing so, and this decision must

6  itself be based on substantial evidence") (citation and quotations

7  omitted); <u>McAllister v. Sullivan</u>, 888 F.2d 599, 602 (9th Cir. 1989)

8  ("broad and vague" reasons for rejecting the treating physician's

9  opinions do not suffice); <u>Embrey v. Bowen</u>, 849 F.2d at 421 ("To say

10  that medical opinions are not supported by sufficient objective

11  findings or are contrary to the preponderant conclusions mandated by

12  the objective findings does not achieve the level of specificity our

13  prior cases have required . . .").

14

15       In the present case, the ALJ erred by failing to mention

16  Dr. Doty's opinion that Plaintiff could bear weight only 50 percent

17  of the time, an opinion inconsistent with the ALJ's residual

18  functional capacity assessment. <u>Id.</u>  The ALJ also erred by rejecting

19  without further inquiry Dr. Doty's opinion that Plaintiff should not

20  return to Plaintiff's past relevant work.  The ALJ perceived a

21  conflict between this opinion and another opinion in the same report.

22  Before rejecting one opinion as inconsistent with another opinion,

23  however, the ALJ should have attempted to contact Dr. Doty to obtain

24  clarification of the perceived conflict.  <u>See</u> 20 C.F.R. § 404.1512(e)

25  (the Administration "will seek additional evidence or clarification

26  from your medical source when the report from your medical source

27  contains a conflict or ambiguity that must be resolved . . ."); <u>see</u>

28  <u>also</u> <u>Smolen v. Chater</u>, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the

4

1  ALJ thought he needed to know the basis of Dr. Hoeflich's opinions

2  in order to evaluate them, he had a duty to conduct an appropriate

3  inquiry, for example, by subpoenaing the physicians or submitting

4  further questions to them.  He could also have continued the hearing

5  to augment the record") (citations omitted); Brown v. Heckler, 713

6  F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully

7  and fairly develop the record and to assure that the claimant's

8  interests are considered").

9

10      When a court reverses an administrative determination, "the

11  proper course, except in rare circumstances, is to remand to the

12  agency for additional investigation or explanation."  INS v. Ventura,

13  537 U.S. 12, 16 (2002) (citations and quotations omitted).  Remand is

14  proper where, as here, additional administrative proceedings could

15  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d

16  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d

17  1496, 1497 (9th Cir. 1984).

18

19      The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172

20  (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not

21  compel a reversal rather than a remand of the present case.  In

22  Harman, the Ninth Circuit stated that improperly rejected medical

23  opinion evidence should be credited and an immediate award of

24  benefits directed where "(1) the ALJ has failed to provide legally

25  sufficient reasons for rejecting such evidence, (2) there are no

26  outstanding issues that must be resolved before a determination of

27  disability can be made, and (3) it is clear from the record that the

28  ALJ would be required to find the claimant disabled were such

1  evidence credited."  <u>Harman</u> at 1178 (citations and quotations

2  omitted).  Assuming, <u>arguendo</u>, the <u>Harman</u> holding survives the

3  Supreme Court's decision in <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002),[2]/

4  the <u>Harman</u> holding does not direct reversal of the present case.

5  Here, the Administration must recontact Dr. Doty concerning

6  "outstanding issues that must be resolved before a determination of

7  disability can be made."  Further, it is not clear from the record

8  that the ALJ would be required to find Plaintiff disabled for the

9  entire claimed period of disability were the opinions of Dr. Doty

10 credited.

11

12                             **CONCLUSION**

13

14        For all of the foregoing reasons,[3]/ Plaintiff's and Defendant's

15 motions for summary judgment are denied and this matter is remanded

16 for further administrative action consistent with this Opinion.

17

18       LET JUDGMENT BE ENTERED ACCORDINGLY.

19

20       DATED:  August 3, 2005.

21

22                                  _____/S/_____

                                    CHARLES F. EICK
23                                  UNITED STATES MAGISTRATE JUDGE

24

_____

25 [2]/    The Ninth Circuit has continued to apply <u>Harman</u> despite
26 <u>INS v. Ventura</u>.  <u>See</u> <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595
   (9th Cir. 2004).

27 [3]/    The Court has not reached any other issue raised by Plaintiff
28 except insofar as to determine that Plaintiff's arguments in favor
   of reversal rather than remand are unpersuasive.