1
2
3
4
5
6
7
8                      **UNITED STATES DISTRICT COURT**

9                      **CENTRAL DISTRICT OF CALIFORNIA**

10

11  ANGEL N. MONTELLANO,              )   NO. ED CV 05-00025-E
                                      )
12                  Plaintiff,        )
                                      )
13      v.                            )   ORDER RE "PLAINTIFF'S PETITION
                                      )
14  MICHAEL J. ASTRUE, COMMISSIONER   )   FOR APPROVAL OF ATTORNEY'S FEES
    OF SOCIAL SECURITY ADMINISTRATION,)
15                                    )   PURSUANT TO 406(b) OF THE SOCIAL
                                      )
16                  Defendant.        )   SECURITY ACT"
    ──────────────────────────────────)
17

18                            **PROCEEDINGS**

19

20      On August 7, 2009, counsel for Plaintiff filed a "Memorandum of

21  Points and Authorities in Support of Plaintiff's Petition for Approval

22  of Attorney's Fees Pursuant to § 406(b) of the Social Security Act"

23  ("the Petition"), seeking $5,911.85 in fees.  Defendant filed a

24  response on September 4, 2009 ("the Response"), purportedly taking no

25  position as to whether the requested fee is reasonable, but setting

26  forth Defendant's analysis for the Court's consideration.  The Court

27  has taken the Petition under submission without oral argument.  See

28  L.R. 7-15; August 10, 2009 Minute Order.

**BACKGROUND**

Plaintiff filed a complaint on January 7, 2005, seeking review of the Commissioner's denial of social security benefits.  Following Defendant's answer, Plaintiff and Defendant filed motions for summary judgment.  On August 3, 2005, the Court denied the motions and remanded the case for further administrative proceedings to consider further the opinion of Plaintiff's treating physician.  See August 3, 2005 "Memorandum Opinion and Order of Remand."

Following remand, the Administration conducted proceedings that resulted in a favorable decision for Plaintiff and an award of past-due Title II and XVI benefits from May 2005, totaling approximately $53,180.30.  See Petition, Exhibit D.[1]  Counsel now moves for $5,911.85 in fees for time spent before the Court pursuant to 42 U.S.C. section 406(b) and the parties' fee agreement.  See Petition, p. 1; Petition, Exhibit A (fee agreement providing for attorney fees

---

[1]   The Court arrives at this amount by the following calculation based on the information provided in the Notice of Award:

| Applicable Date | Amount | No. Months | Total |
|---|---|---|---|
| 11/05 | $1,381.50 | 1 | $ 1,381.50 |
| 12/05 | $1,438.10 | 12 | $17,257.20 |
| 12/06 | $1,485.50 | 12 | $17,826.00 |
| 12/07 | $1,519.60 | 11 | $16,715.60 |
| | | | $53,180.30 |

See Petition, Exhibit D, p. 2.  Twenty-five percent of this past-due benefit amount is $13,295.08.  Twenty-five percent of the amount cited by Defendant as past-due benefits (i.e., $51,647.40) is $12,911.85.  See Response, p. 3.

of 25 percent of past-due benefits).[2]  Counsel acknowledges that any fee award must be offset by the $2,300 in attorney fees that counsel previously recovered under the Equal Access to Justice Act ("EAJA"). See Petition, p. 2; Petition, Exhibit B; 28 U.S.C. § 2412.[3]

**APPLICABLE LAW**

The issue before the Court is whether the fee request is reasonable.  Section 1383(d)(2) incorporates section 406(b) to the same extent section 406(b) applies to Title II cases, so the reasonableness framework used to evaluate section 406(b) fee requests instructs the Court's review.  Under 42 U.S.C. section 406(b), the

---

[2]     The Court notes that counsel's application for fees should be brought under 42 U.S.C. section 1383(d)(2)(A) and 42 U.S.C. section 406(b), because Plaintiff recovered past-due benefits under Title II and Title XVI (42 U.S.C. section 1381 et seq.).  See 42 U.S.C. § 1383(d)(2).  The Court therefore construes the Application as a request for fees under sections 1383 and 406(b).

[3]     The Ninth Circuit's holding in Clark v. Astrue, 529 F.3d 1211, 1218 (9th Cir. 2008) does not affect the present Petition. In Clark, the Ninth Circuit held that the 25 percent cap on fees under section 406(b) is not a cap for total fees awarded under sections 406(a) and 406(b).  Id. at 1215-16 (noting that combined 406(a) and 406(b) fees can exceed 25 percent of past-due benefits). Here, the parties' fee agreement, which caps total fees at 25 percent of past-due benefits, governs.  See Petition, Exhibit A; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002) (noting that section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court"). Additionally, the sum of 406(a) and 406(b) benefits Plaintiff's counsel is seeking is $12,911.85 ($7,000 406(a) fees + $5911.85 406(b)/1383 fees), which is less than or equal to 25 percent of past-due benefits.  See Footnote 1 (calculating 25 percent of past-due benefit amounts per the Court's interpretation of the Notice of Award and Defendant's calculation of past-due benefits).

Court may allow attorney fees in a "reasonable" amount, not to exceed 25 percent of the total past-due benefits awarded to the claimant.[4] The Court has an independent duty to ensure that a section 406(b) contingency fee is reasonable.  See id.; Gisbrecht v. Barnhart, 535 U.S. 789 (2002) ("Gisbrecht").

The United States Supreme Court has explained that section 406(b):

> . . . does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.  Within this 25 percent

---

[4]    Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . In case of any such judgment, no other fee may be payable . . . for such representation except as provided in this paragraph.

See 42 U.S.C. § 406(b)(1)(A).  Section 406(b) supplements section 406(a), which provides that the Commissioner may award attorney fees to a successful claimant's counsel for work performed before the Social Security Administration.  See 42 U.S.C. § 406(a).

1     boundary . . . the attorney for the successful claimant must

2     show that the fee sought is reasonable for the services

3     rendered.

4

5 Gisbrecht v. Barnhart, 535 U.S. at 807 (citations omitted).

6

7     The hours spent by counsel representing the claimant and

8 counsel's "normal hourly billing charge for noncontingent-fee cases"

9 may aid "the court's assessment of the reasonableness of the fee

10 yielded by the fee agreement." Id. at 808.  When a contingency fee

11 falls within the 25 percent boundary, as here, the Court

12 appropriately may reduce counsel's recovery:

13

14     . . . based on the character of the representation and the

15     results the representative achieved.  If the attorney is

16     responsible for delay, for example, a reduction is in order

17     so that the attorney will not profit from the accumulation

18     of benefits during the pendency of the case in court.  If

19     the benefits are large in comparison to the amount of time

20     counsel spent on the case, a downward adjustment is

21     similarly in order.

22

23 Id. (citations omitted); see also Kerr v. Screen Extras Guild, Inc.,

24 526 F.2d 67, 70 (9th Cir. 1975), cert. denied, 425 U.S. 951 (1976)

25 (identifying factors relevant to adjustment of an attorney's

26 lodestar figure).

27 ///

28 ///

**DISCUSSION**

Having reviewed the papers on file in this case in light of Gisbrecht and its progeny, the Court finds that "the fee sought is reasonable for the services rendered." The $5,911.85 fee sought, together with the section 406(a) fees recovered, is less than or equals the agreed-upon 25 percent of past-due benefits. The fee is not unreasonable given the number of hours counsel spent in representing Plaintiff before this Court. Neither "the character of the representation" nor "the results the representative achieved" suggest the unreasonableness of the fee sought. Plaintiff's counsel was not responsible for any significant delay in securing Plaintiff's benefits.

Counsel reasonably spent a total of 17.60 hours representing Plaintiff before this Court. See Petition, Exhibit F. If counsel receives the $5,911.85 fee requested, counsel will receive a *de facto* fee equivalent to $335.90 per hour for time spent before the Court. This Court previously has found rates greater than this *de facto* rate to be reasonable for section 406(b) fee requests. See, e.g., Hodges v. Astrue, Case No. CV 05-2829-E, Opinion and Order Granting in Part Counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed March 28, 2008 (where counsel had not reported any standard hourly rates, choosing a standard or prevailing hourly rate of $250 for counsel (multiplied by a factor of 2.5 for a *de facto* hourly rate of $625) as reasonable); Barry v. Astrue, Case No. CV 04-649-E, Opinion and Order Granting in Part Counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed December 10,

2007 (same); <u>Cherry v. Astrue</u>, Case No. EDCV 05-393-E, Opinion and Order Granting in Part Counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. Section 406(b), filed December 3, 2007 (same); <u>Wood v. Astrue</u>, Case No. CV 01-7622-E, Order Granting in Part Counsel's Petition for Attorney Fees Pursuant to 42 U.S.C. § 406(b), filed June 11, 2007 (same); <u>see also</u> <u>Gisbrecht</u>, 535 U.S. at 808 (counsel's normal hourly billing rates can aid court's interpretation of reasonableness); <u>Hodges-Williams v. Barnhart</u>, 400 F. Supp. 2d 1093, 1099-1100 (N.D. Ill. Dec. 6, 2005) (reducing fees to a *de facto* hourly rate judge deemed reasonable based on judge's own experience in private practice and with the court); <u>Lewis v. Barnhart</u>, 2004 WL 3454545 *1 (W.D. Va. Jun. 11, 2004) (reducing fees to *de facto* hourly rate generally approved by court in noncontingency fee cases).

Under the totality of the circumstances, comparison of the benefits secured and the time Plaintiff's counsel spent on the case does not suggest the unreasonableness of the fee sought.

///
///
///
///
///
///
///
///
///
///
///

**CONCLUSION**

The Petition is granted.  Section 406(b) and 1383 fees are allowed in the amount of $5,911.85.  Counsel shall reimburse Plaintiff in the amount of $2,300, previously paid by the Government under the EAJA.


IT IS SO ORDERED.


DATED:  September 23, 2009.


_____/S/_____
                    CHARLES F. EICK
            UNITED STATES MAGISTRATE JUDGE